IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Brionté McCorkle, Georgia Conservation Voters Education Fund, Inc.,** and **Georgia WAND Education Fund, Inc.**,<br><br>       Plaintiffs,<br><br>  vs.<br><br>**Brad Raffensperger,** in his official capacity as Secretary of State of the State of Georgia,<br><br>       Defendant. | Case No. _____<br><br><br>**Verified Complaint** |

## Nature of the Case

1. This is a constitutional challenge to House Bill 1312, which revises the terms of office for members of Georgia's Public Service Commissioners.

2. The plaintiffs allege that House Bill 1312 violates the Georgia Constitution and thereby deprives them of due process of law as guaranteed by the Fourteenth Amendment to the United States

Constitution. They seek declaratory and injunctive relief prohibiting the Secretary of State from implementing House Bill 1312 and from failing to conduct elections for the Public Service Commission in accordance with Georgia law.

## Jurisdiction and Venue

3. This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

4. Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2) and 1391(b).

## Parties

5. Plaintiff Brionté McCorkle is a Georgia resident and registered voter. She intends to vote for Public Service Commissioners in the next election.

6. Plaintiff Georgia Conservation Voters Education Fund, Inc. is a Georgia nonprofit corporation whose mission is to mobilize Georgians to advance climate and environmental justice through education, advocacy, and other forms of civic engagement. Much of its work involves the Public Service Commission.

7. Plaintiff Georgia WAND Education Fund, Inc., is a Georgia nonprofit corporation whose mission is to empower women to advocate for climate, environmental and social justice, grounded in racial equity. Much of its work involves the Public Service Commission.

8. Defendant Brad Raffensperger is the Secretary of State of the State of Georgia. He is responsible for implementing House Bill 1312 through the qualification of candidates and the administration of elections in Georgia. He is sued in his official capacity only.

## Background

9. Article IV, Section I, Paragraph 1(a) of the Georgia Constitution provides as follows:

> There shall be a Public Service Commission for the regulation of utilities which shall consist of five members who shall be elected by the people. The Commissioners in office on June 30, 1983, shall serve until December 31 after the general election at which the successor of each member is elected. Thereafter, all succeeding terms of members shall be for six years. Members shall serve until their successors are elected and qualified. A chairman shall be selected by the members of the commission from its membership.

10. The jurisdiction, powers, and duties of the Public Service Commission are prescribed by state law, and they include broad

governmental authority to supervise and regulate common carriers, railroads, and public utilities. O.C.G.A. § 46-2-1 *et seq*. Among many other duties, the Commission regulates the rates that Georgians may be charged by electric, natural gas, and telephone companies.

11. Prior to the enactment of House Bill 1312, members of the Public Service Commission were elected at large by all Georgia voters in partisan elections to serve staggered six-year terms. O.C.G.A. § 46-2-1.

12. Although elected at large, members of the Public Service Commission are required to reside in one of five districts prescribed by statute. O.C.G.A. § 46-2-1.

13. The current Commissioner from District 1 is Jason Shaw. He was last elected in the 2020 general election to serve a six-year term that began on January 1, 2021.

14. The current Commissioner from District 2 is Tim Echols. He was last elected in the 2016 general election to serve a six-year term that began on January 1, 2017.

15. The current Commissioner from District 3 is Fitz Johnson. He was appointed in July 2021 to fill the vacancy created by the

resignation of Chuck Eaton, who was last elected in the 2018 general election to serve a six-year term that began on January 1, 2019.

16.     The current Commissioner from District 4 is Lauren "Bubba" McDonald. He was last elected in the 2020 general election to serve a six-year term that began on January 1, 2021.

17.     The current Commissioner from District 5 is Tricia Pridemore. She was last elected in the 2018 general election to serve a six-year term that began on January 1, 2019.

18.     In 2020, four Black voters sued the Secretary of State in federal court alleging that the at-large method of electing members of Georgia's Public Service Commission violated the Voting Rights Act. *See* Complaint, *Rose v. Raffensperger*, 1:20-cv-2921-SDG (July 14, 2020) (ECF 1).

19.     After a week-long bench trial in June 2022, the district court ruled in the plaintiffs' favor and enjoined the Secretary of State from conducting any further elections for the Public Service Commission using the at-large method of election. *See* Opinion and Order, *Rose v. Raffensperger*, 1:20-cv-2921-SDG (Aug. 5, 2022) (ECF 151).

20. As a result of the *Rose* injunction, the Secretary canceled the 2022 general election for the Public Service Commissioner from District 2 and the special general election for the Public Service Commissioner from District 3 to serve the remainder of Commissioner Eaton's original term.

21. The injunction remained in place while the Secretary appealed the district court's judgment.

22. In November 2023, the Eleventh Circuit reversed the judgment of the district court, but the district court's injunction remained in place because a judge of the Eleventh Circuit withheld the issuance of the mandate. *See* Order, *Rose v. Raffensperger*, 1:20-cv-2921-SDG (Dec. 18, 2023) (ECF 179).

23. With the injunction still in place at the beginning of the candidate-qualifying period in March 2024, the Secretary called off the 2024 elections for members of the Public Service Commission.

24. On April 16, 2024, the Eleventh Circuit *sua sponte* issued a stay of the district court's injunction in *Rose. See* Order, *Rose v. Raffensperger*, 1:20-cv-2921-SDG (April 16, 2024) (ECF 182).

25. The *Rose* plaintiffs filed a petition for a writ of certiorari in the United States Supreme Court, and that petition was denied on June 24, 2024.

26. On March 16, 2024, the Georgia General Assembly adopted House Bill 1312, which, among other things, revises the terms of office for members of Georgia's Public Service Commission.

27. The Governor signed House Bill 1312 on April 18, 2024, and it became effective immediately. When the Governor signed it, House Bill 1312 became Act 380.

28. A true and correct copy of House Bill 1312, as passed by the General Assembly and signed by the Governor, is attached hereto as Exhibit 1.

29. Section 2 of House Bill 1312 adds a new section to the Georgia Code that revises the terms of the current members of Georgia's Public Service Commission.

30. With respect to District 1, House Bill 1312 extends the current commissioner's term by two years. It provides that the next general election for that seat will occur in November 2028 and that the

person elected in that election will serve a six-year term beginning on January 1, 2029.

31. With respect to District 2, House Bill 1312 extends the current commissioner's term by three years. It provides that a special election for that seat will occur in November 2025 and that the person elected in that election will serve a five-year term beginning on January 1, 2026.

32. With respect to District 3, House Bill 1312 extends the current commissioner's term by one year. It provides that a special election for that seat will occur in November 2025 and that the person elected in that election will serve a one-year term beginning on January 1, 2026.

33. With respect to District 4, House Bill 1312 extends the current commissioner's term by two years. It provides that the next general election for that seat will occur in November 2028 and that the person elected in that election will serve a six-year term beginning on January 1, 2029.

34. With respect to District 5, House Bill 1312 extends the current commissioner's term by two years. It provides that the next

general election for that seat will occur in November 2026 and that the person elected in that election will serve a six-year term beginning on January 1, 2027.

## Claim One

35. House Bill 1312 violates the Georgia Constitution by revising the terms of office for members of Georgia's Public Service Commission, and it thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

36. A real and actual controversy exists between the parties.

37. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

38. The plaintiffs are suffering irreparable harm as a result of the violation complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) enter a declaratory judgment that House Bill 1312 violates the Due Process Clause of the Fourteenth Amendments to the United States Constitution;

(2) enjoin the defendant from enforcing House Bill 1312 in future elections;

(3) enjoin the defendant from failing to conduct elections for the Public Service Commission in accordance with Georgia law;

(4) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(4) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 17th day of July, 2024.

**/s/ Bryan L. Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ Lester Tate**
Samuel Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

*Attorneys for the Plaintiffs*

## Verification of Complaint

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the allegations in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this __10__ day of July, 2024.

_____
Brionté McCorkle