IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**Brionté McCorkle,** et al.,

Plaintiffs,

vs.

**Brad Raffensperger,** in his official capacity as Secretary of State of the State of Georgia,

Defendant.

Case No. 1:24-cv-3137-WMR

**Plaintiffs' Response in Opposition to the Defendant's Motion to Dismiss**

Plaintiffs Brionté McCorkle, the Georgia Conservation Voters Education Fund, Inc., and the Georgia WAND Education Fund, Inc., (collectively, "McCorkle") respectfully submit this response in opposition to Secretary of State Brad Raffensperger's motion to dismiss. (ECF 12.) The Secretary argues that this Court lacks jurisdiction to hear this case and that McCorkle's complaint fails to state a claim upon which relief can be granted. (ECF 12-1.) But these arguments have no merit, and the Secretary fails even to mention *Gonzalez v. Governor of the State of*

*Georgia*, 978 F.3d 1266 (11th Cir. 2020), a unanimous panel decision written by Judge Elizabeth Branch that is dispositive of the outcome here. The omission makes the Secretary's motion almost frivolous, and this Court should waste no time in denying it.

## I. McCorkle has standing.

The Secretary first argues that this Court lacks jurisdiction because the plaintiffs lack standing. (ECF 12-1 at 7-14.) To establish standing, a litigant must prove "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, the Secretary contends that none of the plaintiffs allege an injury in fact and that the relief they seek would not redress their injury.

The Secretary concedes, as he must, that McCorkle alleges the loss of her right to vote in elections for members of the Public Service Commission that would have occurred but not for the Secretary's administration of the unconstitutional House Bill 1312. (ECF 12-1 at 9.)

Still, he claims that such an injury is only a generalized grievance and insufficient to support standing.

Not so. "[T]he Supreme Court has made clear that 'a person's right to vote is individual and personal in nature,' so 'voters who allege facts showing disadvantage to themselves as individuals have standing to sue.'" *Jacobson*, 974 F.3d at 1246 (quoting *Gill v. Whitford*, 585 U.S. 48, 65-66 (2018)). McCorkle alleges that she is a Georgia voter who wants to vote for PSC members but can't because House Bill 1312 delays those elections. This is precisely the injury alleged by the plaintiffs in *Gonzalez*, who were denied the right to vote for the office of district attorney for the Western Judicial Circuit because of a similar statute that delayed the election for that office. 978 F.3d at 1268 n.1; *see also Gonzalez v. Kemp*, 470 F. Supp. 3d 1343, 1346 (N.D. Ga. 2020) (noting that the plaintiffs "are all residents and registered voters within the Western Judicial Circuit and intended to vote" for the office of the district attorney). McCorkle thus has standing for the same reason that the *Gonzalez* plaintiffs had standing: she alleges the denial of her right to vote in a specific election delayed by an unconstitutional statute.

These allegations are nothing like the plaintiff's complaint in the principal case that the Secretary relies on: *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020). There, Wood alleged that Georgia's absentee-ballot and recount procedures violated state law and, as a result, his federal constitutional rights as a voter who had cast a ballot in the 2020 election. But the Eleventh Circuit found that Wood alleged only a generalized grievance because he alleged no particularized injury to his own ballot. *Id.* at 1313-16. Wood had not been personally affected by the procedures at issue, and his interest in ensuring that only lawful ballots be counted could not support standing. McCorkle, by contrast, has been personally affected here because she has been denied the right to vote in elections to which she is entitled under the state and federal constitutions.

The Secretary also argues that the two organizational plaintiffs lack standing because "[n]either organization alleges that it is suffering any injury to itself or on behalf of anyone else." (ECF 12 at 8.) In multiple-plaintiff cases like this one, though, as long as at least one plaintiff has standing, the court "need not consider whether the other individual and corporate plaintiffs have standing to maintain the

suit." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977); *accord Hispanic Int. Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1244 n.6 (11th Cir. 2012).

Finally, the Secretary argues that McCorkle lacks standing because her injury isn't redressable. (ECF 12-1 at 12-4.) He contends that the requested injunction against House Bill 1312 "*would continue* to result in terms that exceeded six years" and thus would not redress McCorkle's claim that she is entitled to have Public Service Commissioners elected to six-year terms. (ECF 12-1 at 13.) But this argument misconceives McCorkle's injury and is also foreclosed by *Gonzalez*.

As noted above, McCorkle's injury is that she has been denied the right to vote in elections for PSC members that would have occurred but not for the Secretary's administration of an unconstitutional statute. The same was true in *Gonzalez*, and the district court there ordered an election sooner than it would have taken place under the unconstitutional statute. 978 F.3d at 1270. The same remedy applies here. An injunction would result in elections for Public Service Commissioners in accordance with Georgia law and much sooner than

they otherwise would have occurred under House Bill 1312. This relief would redress McCorkle's injury.

## II. McCorkle has alleged a federal claim under *Gonzalez* and *Duncan*.

The Secretary next argues that this Court should dismiss McCorkle's complaint because it alleges only a state-law claim for a violation of the Georgia Constitution. (ECF 12-1 at 14-16.) But this argument is foreclosed by *Gonzalez*, 978 F.3d at 1271, and the Fifth Circuit's decision in *Duncan v. Poythress*, 657 F.2d 691, 704 (5th Cir. Sept. 1981).* In both cases, Georgia state officials delayed or denied elections to which voters were entitled under state law, and the courts of appeals held that doing so violated the Due Process Clause of the Fourteenth Amendment.

The Secretary doesn't even mention *Gonzalez*, and his attempt to distinguish *Duncan* is unavailing. He claims that *Duncan* doesn't apply here because David Poythress, the Secretary of State, had denied a special election required by state law so that the Governor could fill a

* The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

judicial seat "through the power of appointment." (ECF 12-1 at 15 (quoting *Duncan*, 657 F.2d at 704)). But this distinction misses the point. It matters not *why* state officials have denied voters an election to which state law entitles them but only that the voter is in fact disenfranchised.

Here, as in *Gonzalez* and *Duncan*, McCorkle states a federal claim for a violation of the Due Process Clause by alleging that Secretary Raffensperger has delayed or denied an election in which she is entitled to vote under state law.

## III. McCorkle has alleged a violation of the state constitution.

Finally, the Secretary argues that McCorkle fails to state a claim because her allegations fail as a matter of law. (ECF 12-1 at 16-17.) He claims that he is entitled to judgment as a matter of law for the reasons stated in Section II of his opposition to McCorkle's motion for a preliminary injunction (ECF 13 at 13-20), where he argues that House Bill 1312 doesn't violate the state constitution.

While he styles his argument as falling under Rule 12(b)(6), it is more accurately described as a motion for judgment on the pleadings under Rule 12(c). "Judgment on the pleadings is appropriate where there

are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). When determining whether a party is entitled to judgment on the pleadings, a district court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

In any event, McCorkle's complaint alleges that House Bill 1312 violates Article IV, Section I, Paragraph 1(a) of the Georgia Constitution, which provides that "all succeeding terms of [PSC] members shall be for six years." Ga. const. art. IV, § 1, ¶1(a). McCorkle's complaint alleges that House Bill 1312 extends the term of the current Commissioners by at least one year beyond the original six-year term and shortens the subsequent term of the next Commissioners elected from District 2 and District 3. (ECF 1 ¶¶ 29-34.)

That is enough to allege a violation of the state constitution because the Georgia General Assembly cannot amend the constitution by passing a statute. *E.g., Kemp v. Gonzalez*, 310 Ga. 104, 113 (2020) (citing cases). Indeed, the Georgia Supreme Court has already addressed this

very question: the General Assembly cannot by statute change the term of a public official that is set out in the constitution. *Id.* Doing so, as the General Assembly has done here, violates the constitution. *Id.*

The Georgia Supreme Court's ruling in *Gonzalez* requires this Court to reject the Secretary's contrary interpretation of state law and therefore to reject his request for judgment as a matter of law.

## IV. The Secretary misstates the facts.

The Secretary spends more than a third of his brief reciting facts and background irrelevant to his motion to dismiss. (ECF 12-1 at 1-7.) In doing so, he gets some of those facts wrong.

He asserts, for instance, that "[t]he district court then canceled the 2022 and 2024 PSC elections." (ECF 12-1 at 1; *see also id.* at 3, 5.) But the district court did no such thing. It merely enjoined the Secretary from holding elections using an unlawful method of election. Because the Georgia General Assembly chose not to adopt a lawful method of election, the Secretary canceled both elections.

The Secretary also claims that the Eleventh Circuit found "no violation of federal law in Georgia's method of election for PSC." (*Id.*) But that overstates the court's holding, which was simply that the

district court had applied the wrong legal standard. The Eleventh Circuit made no finding about the legality of Georgia's PSC elections under the appropriate legal standard. That issue remains the subject of ongoing litigation in the district court.

The Secretary also claims that the plaintiffs "disagree with the legislatively chosen approach" in House Bill 1312. (*Id.* at 6; *see also id.* at 1.) But that, too, is an overstatement. McCorkle's complaint takes no position on the desirability of House Bill 1312 as a matter of policy. Rather, she claims that the General Assembly may not amend the constitution by statute and deprive her of the right to vote even if doing so were a good idea that would serve legitimate state policy interests.

## Conclusion

Because the Secretary's arguments have no merit, the Court should deny his motion to dismiss.

Respectfully submitted this 26th day of August, 2024.

**/s/ Bryan L Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ Lester Tate**
Samuel Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

*Attorneys for the Plaintiff*

## Certificate Of Compliance

I hereby certify that the foregoing document was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com